Easter NELSON, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 01–35392.

D.C. No. CV–00–05427–FDB (JKA).

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002 *.

Decided July 18, 2002.

Before: REAVLEY,** TASHIMA, and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Easter Nelson appeals the decision of the district court, which affirmed the ruling of the Commissioner of Social Security denying her application for social security disability benefits. We review de novo a district court decision affirming the Commissioner's denial of benefits. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). The Commissioner's decision "will be overturned only if it is not supported by substantial evidence or is based on legal error." *Id.* (internal quotation marks omitted).

In this case, an administrative law judge (ALJ) held an evidentiary hearing and ruled against Nelson, a decision which became the final decision of the Commissioner after the Appeals Council denied review. Finding no legal error in the analysis of the ALJ and concluding that the decision is supported by substantial evidence, we affirm.

The ALJ found that Nelson had worked routinely after the alleged onset of her disability, and that therefore she was not unable to engage in substantial gainful activity. A claimant is entitled to disability benefits if she demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of establishing that she suffers an impairment that makes her unable to engage in substantial gainful activity. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996). If a claimant is able to engage in substantial gainful activity,

which may be evidenced by work done during the period of claimed disability, she is not disabled. *See* 20 C.F.R. § 404.1571 (2001). Likewise, if the claimant is currently engaged in work that constitutes substantial gainful activity, she is not disabled. *Id.* § 404.1520(b).

Generally, substantial gainful activity is substantial work activity for pay or profit. *Id.* § 404.1572. Earnings exceeding $500 per month for the time period in issue ordinarily show substantial gainful activity. *See id.* § 1574(b)(2).

Substantial evidence supports the ALJ's conclusion that Nelson had not carried her burden of showing that she was unable to engage in substantial gainful activity. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599 (citation omitted).

The record before the ALJ includes tax schedules and an earnings statement, as well as testimony from Nelson and her husband, showing that Nelson worked regularly after the alleged onset of her disability in July of 1994. The written records indicate earnings exceeding $500 per month.

The ALJ was not required to accept Nelson's argument that the tax schedules incorrectly listed Easter Nelson instead of her husband Clarence as the recipient of self-employment income. The ALJ is responsible for determining credibility and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). In light of all the evidence, the ALJ could

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

rationally find this argument self-serving and implausible.

The ALJ was likewise entitled to conclude that the earnings statement should be read to show monthly earnings to Nelson of $597.50, for purposes of determining whether Nelson was engaged in substantial gainful activity. From the evidence presented, the ALJ could rationally conclude that the value of Nelson's work to the landlord was this amount, of which $350 was paid in cash and the remainder was rent credit for the Nelsons' apartment.

In short, substantial evidence supports the ALJ's finding that Nelson was not disabled.

AFFIRMED.